FRANCIS R. STODDARD, JR., Superintendent of Insurance of the State of New York, as Liquidator of the STANDARD AUTOMOBILE MUTUAL CASUALTY COMPANY, Plaintiff, *v.* JOSEPH A. MANZELLA, Defendant.

Supreme Court, Albany Trial Term, March, 1924.

Insurance — mutual casualty company — defendant under policy assumed obligation to pay losses and expenses incurred during period of membership — assessment prorated and levied among policyholders for losses and expenses incurred during period of defendant's membership — presumption as to necessity and accuracy of assessment — assessment within contractual obligation of defendant and valid where predicated on fair method of calculation.

All that is essential to make a valid assessment upon members of a mutual casualty insurance company for losses and expenses incurred is that it be based upon a fair method of calculation and be substantially correct.

Accordingly, plaintiff, as liquidator of a mutual insurance company, is entitled to judgment in an action to recover an assessment levied pursuant to the Insurance Law, article 10-B, where it appears that the defendant under his policy assumed to pay the losses and expenses incurred during the period of his membership and that the assessment was prorated and levied upon all the members of the company in accordance with the authority of law and the terms of the policy, since a presumption exists as to the necessity and accuracy of the assessment, and there is nothing to show that it was not within the contractual obligation of the defendant.

ACTION to recover an assessment levied pursuant to article 10-B of the Insurance Law.

*Clarence C. Fowler* (*Sidney M. Louis*, of counsel), for the plaintiff.

*John Goodrum Miller*, for the defendant.

STALEY, J. The contention that the assessment is invalid and illegal as to this defendant is untenable. The company was organized to do business on March 2, 1921. The defendant became a member and a policyholder on May 1, 1921. In September, 1922, the company levied an assessment for the losses and expenses sustained and incurred by the company for the period ending December 31, 1921. This assessment was prorated among the policyholders during that period in proportion to the premium earned on each policy for the term ending December 31, 1921, and the amount of total losses and expenses.

Each member assumed under his policy the obligation to pay the losses and expenses incurred during the period of his membership. When an assessment is levied upon the members of a mutual insurance company in accordance with the authority of law and the terms of the policy, there arises a presumption of its neces-

sity and of its accuracy. The proof in this case fails to overcome such presumption, but on the contrary establishes that the assessment was within the contractual obligation assumed by the defendant.

The experience of this company would indicate that its underwriting basis in the first instance was not sound, and like many mutual companies, the desire to attract business on a low rate of insurance has led to the necessity of the assessment as the price for cheap protection. With the situation existing of daily additions and withdrawals of members and policyholders, it is a practical impossibility to measure with precise exactitude the liability of each member for losses and expenses incurred. All that is essential to make the assessment a valid one is that it be based upon a fair method of calculation and be substantially correct.

So far as this defendant is concerned, I regard the assessment as a correct and valid one from the facts in the case, and that the defendant is not being called upon by the payment of the assessment levied to do anything beyond the obligation which he assumed when he became a member.

Findings of fact and conclusions of law are transmitted herewith, awarding the judgment to the plaintiff, with costs.

Judgment accordingly.